UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-20733-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID MAURICIO PIRAGAUTA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S REQUEST FOR FOUR LEVEL REDUCTION

The Court has before it a motion filed by Defendant David Mauricio Piragauta, *pro se*, entitled: "Request for Four Level Reduction Pursuant to Fast-Tract USSG5K3.1." [DE 38]. The government filed a response in opposition [DE 41], and the matter was referred for report and recommendation. [DE 39].

On May 16, 2007, after entering into an agreement with the government to plead guilty, the Defendant was sentenced to 108 months of imprisonment following his conviction of conspiracy to possess with intent to distribute one kilogram or more of heroin. [DE 32]. Nearly a year later, on April 3, 2008, the Defendant filed his Motion requesting a four level reduction to his sentence based upon the Early Disposition Programs section of the Federal Sentencing Guidelines, which in 2007 stated as follows:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

U.S.S.G. § 5K3.1. Defendant states that he was not aware of the fast-track program at the time of his sentencing, and therefore the possibility of a four-level reduction was not raised when he was sentenced. The Defendant since became aware of the program, believes he should qualify for the program because he would agree to his immediate deportation upon completion of his sentence, and asks to be resentenced pursuant to § 5K3.1 to a reduced sentence. [DE 38].

This Court does not have jurisdiction to entertain the Defendant's request that he be resentenced, therefore the Motion must be denied.

The only means available to the Defendant to attack his sentence are a direct appeal, a collateral challenge pursuant to 28 U.S.C. § 2255, and the extremely limited authority given to district courts pursuant to Federal Rule of Criminal Procedure 35(a) to correct a sentence. In regard to a direct appeal, the Defendant elected to not file a direct appeal, and the time in which he could have done so passed long before he filed his Motion. [*See* DE 36]. Similarly, the Defendant's Motion does not fit within the narrow provision of Rule 35, which states:

> Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a). The Defendant does not claim a clear error in his sentence, and in any event, he filed his Motion long after the 7 day window set forth in the Rule. Finally, the Motion does not fall under § 2255, as the Defendant has not challenged the constitutionality of his sentence, the jurisdiction of the Court, or the excessiveness of his sentence. *See* 28

U.S.C. § 2255(a). For these reasons, the Defendant's Motion is procedurally barred.

It is worth noting that the Motion would also have to fail on the merits. The plain language of § 5K3.1 provides that a downward departure can be made only when sought by the government. *See* U.S.S.G. § 5K3.1. Similar language is found in Sentencing Guideline § 5K1.1, and courts have consistently held that district courts do not have the authority to make a downward departure absent a government motion. *See Wade v. United States*, 504 U.S. 181, 185 (1992); *U.S. v. Forney*, 9 F.3d 1492, 1498-99 (11th Cir. 1993). The court may review the government's decision to not seek such a departure only where an unconstitutional motive is alleged. *See Wade*, 504 U.S. at 185; *Wayte v. United States*, 470 U.S. 598, 608-09 (1985). No such unconstitutional motive is argued or apparent in this case.

The Defendant's conviction was the result of a plea agreement in which the government agreed to dismiss three of the four charges. [DE 20]. The Defendant entered into that agreement knowing the recommendations that would be made for his sentencing, and the Court has no authority to now override that agreement and resentence the Defendant.

## RECOMMENDATION

For the reasons stated above, this Court respectfully **RECOMMENDS** that the Defendant's Motion entitled "Request for Four Level Reduction Pursuant to Fast-Tract USSG5K3.1," [DE 38], be **DENIED**.

## OBJECTIONS PERIOD

The parties may file written objections to the Report and Recommendation with the Honorable Alan S. Gold within **twenty days** of the date of the Report and Recommendation.

Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY SUBMITTED in chambers at Miami, Florida this 23rd day of September, 2009.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:   The Honorable Alan S. Gold

All counsel of record

David Piragauta
Reg. No. 78152-004
FCI Forrest City Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336